license, has appealed from a refusal to grant him a new trial which he asked for in order to have an opportunity to impeach the two state witnesses upon whose testimony he was convicted, by producing two witnesses, newly discovered, who would testify that the two state witnesses were of bad repute, because engaged in the sale of whisky without a license, which fact the newly discovered witnesses knew because they themselves had bought whisky from them.

Impeaching testimony is no ground for a new trial. State v. Young, 107 La. 619, 31 South. 993.

Judgment affirmed.

———

(70 South. 1011)

No. 21682.

In re BENNETT et al.

(Feb. 21, 1916.)

(*Syllabus by the Court.*)

WILLS &#x269C;717—BEQUEST TO IMPECUNIOUS MINORS—RENUNCIATION OF ANTICHRESIS.

Where an antichresis or pledge of a plantation, carrying with it obligations on the creditor to cultivate, to keep in repair, and to pay taxes and other charges on the property, was bequeathed to impecunious minors, *held,* that the antichresis was properly ordered canceled and erased by judgment of court rendered on the advice and recommendation of a family meeting, composed of the friends of the minors.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1711–1716; Dec. Dig. &#x269C;717.]

Appeal from Thirtieth Judicial District Court, Parish of Caldwell; George Wear, Sr., Judge.

In the matter of the tutorship of James Dawson Bennett and another, minors. From a judgment homologating the advice and recommendation of a family meeting, the undertutor ad hoc appeals. Affirmed.

C. P. Thornhill, of Columbia, for appellants minors. Allen Sholars, of Monroe, for appellee J. M. Bennett, Sr.

LAND, J. This is an appeal taken by the undertutor ad hoc of the two minors from a judgment of court homologating the advice and recommendation of a family meeting, to the effect that an act of antichresis or pledge acquired by the minors on a plantation belonging to their father and mother be canceled and erased.

It appears that L. D. McClain, a maternal uncle of the minors, took said antichresis to secure a loan of $11,000 to the father, and in operating the plantation, in order to pay the debt out of the revenues of the property, increased the amount to $31,000. McClain died, leaving a last will by which he bequeathed the debt, with the antichresis, to said minors.

It further appears that the minors have no means to operate said plantation, or to provide for repairs, or to pay taxes thereon, as they are bound to do under C. C. 3177, and that their father and mother are financially unable to procure advances for the cultivation of the plantation, while the property is subject to said antichresis in favor of said minors.

To quote from the brief of the undertutor ad hoc:

"Because of these things their father and mother had been rendered almost helpless so far as the property was concerned, in their effort to properly support and maintain these children."

The family meeting advised the renunciation of the antichresis, without surrendering any part of the debt and claim held by the minors against their father and mother.

We see no error in the proceedings.

Judgment affirmed.